# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 22, 2009

Charles R. Fulbruge III
Clerk

No. 08-10419
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESSIE BUSTAMANTE,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CR-329-3

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jessie Bustamante appeals his conviction for conspiracy to possess with intent to distribute methamphetamine. He argues for the first time on appeal that his guilty plea was not supported by a factual basis demonstrating an agreement to violate the narcotics law or his knowledge of and participation in the conspiracy. The Government has moved for summary affirmance and, in the alternative, for an extension of time in which to file a merits brief, arguing that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Bustamante's appeal is frivolous. Our review is for plain error only. *See United States v. Vonn*, 535 U.S. 55, 59 (2002).

While Bustamante's mere presence at the scene of illegal activity was alone insufficient evidence of an agreement or of his participation or knowledge, the district court was nevertheless permitted to consider his presence or association with the conspiracy as evidence of participation along with other circumstantial evidence. *See United States v. Fuchs*, 467 F.3d 889, 908 (5th Cir. 2006). According to Bustamante's factual stipulation, agents observed a co-conspirator deliver a box of methamphetamine to a hotel room occupied by Bustamante and a second co-conspirator. Shortly thereafter, agents observed an individual enter the hotel room and leave with the box of methamphetamine. When agents entered the hotel room, they found Bustamante lying on a bed with a digital scale, which was located next to a night stand that stored a bag containing a spoon and a large amount of methamphetamine. Bustamante further admitted that the organization sold at least 309 grams of methamphetamine.

The district court did not plainly err in inferring from these circumstances the existence of an agreement to violate the narcotics laws or Bustamante's participation in and knowledge of the conspiracy. *See United States v. Stephens*, 571 F.3d 401, 404 (5th Cir. 2009); *States v. Norman*, 415 F.3d 466, 471 (5th Cir. 2005). As such, the judgment is affirmed, and the Government's motion for summary affirmance is granted.

AFFIRMED; MOTION FOR SUMMARY AFFIRMANCE GRANTED; MOTION FOR EXTENSION OF TIME TO FILE BRIEF DENIED.